IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARÍA DE LOS ÁNGELES MALDONADO-FIGUEROA,<br><br>Plaintiff<br><br>v.<br><br>MICHAEL J. ASTRUE, COMMISSIONER SOCIAL SECURITY ADMINISTRATION,<br><br>Defendants | CIVIL 09-1678 (DRD) (JA) |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on motion to dismiss for lack of subject matter jurisdiction filed by the defendant, the Commissioner of Social Security ("the Commissioner"), on December 1, 2009. (Docket Nos. 8, 9, 10.) The motion was unopposed by plaintiff, María de los Ángels Maldonado-Figueroa ("Mrs. Figueroa"). This matter was referred to me for report and recommendation on April 19, 2010. (Docket No. 11.) For the reasons set forth below, I recommend that the defendant's motion is GRANTED.

I. FACTUAL AND PROCEDURAL BACKGROUND

On August 28, 2000, Mrs. Figueroa filed an application for disability and disability insurance benefits. (Docket No. 10-2, at 3, ¶ 4(a)). This application was denied by an administrative law judge ("ALJ") on May 24, 2006. (Id.) The

CIVIL 09-1678 (DRD) (JA)                              2

ALJ found that Mrs. Figueroa was not disabled from May 1, 1999 through the date of the decision. (Id.)  A second application for disability benefits was filed by Mrs. Figueroa on August 15, 2006.  (Id. ¶ 4(b)).  On October 7, 2006, the second application was denied on the ground of *res judicata* because it involved the same issues as the first application.  (Id.)  Mrs. Figueroa then requested a hearing before an ALJ. (Id.)  On January 30, 2009, the ALJ denied Mrs. Figueroa's request for a hearing and issued a notice dismissal for the second application based on *res judicata*. (Id. ¶ 4(c)).  Mrs. Figueroa later requested review of the ALJ's decision before the Appeals Council.  (Id.) The Appeals Council confirmed the ALJ's decision and  denied Mrs. Figueroa's request for review on May 13, 2009.  (Id.)

On July 16, 2009, Ms. Figueroa filed a complaint seeking review of the Appeals Council decision.  (Docket No. 2, at 1, ¶¶ 2 & 3.)  She alleges that the ALJ's decision was unreasonable, capricious and contrary to law. (Id. at ¶ 5.) According to her, the evidence on the record shows that she is totally and permanently disabled due to her general conditions, education, and work experience. (Id.)

On December 1, 2009, the Commissioner filed a motion to dismiss for lack of subject matter jurisdiction.  (Docket Nos. 8 & 9.)  He contends that Mrs. Figueroa's application was denied because it was barred by *res judicata*. (Docket No. 9, at 1.)  According to the Commissioner, an individual can bring a claim

CIVIL 09-1678 (DRD) (JA)                              3

under Title II of the Social Security Act only if the decision denying the benefits was final after celebrating a hearing pursuant to section 42 U.S.C. § 405(g). (Id.) Thus, the Commissioner claims that since the decision was not final pursuant to 42 U.S.C. § 405(g) the court cannot exercise jurisdiction over the matter. (Id.)

## II.  ANALYSIS

"A motion to dismiss an action under Rule 12(b)(1) . . . raises the fundamental question whether the federal district court has subject matter jurisdiction over the action before it." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350, at 61 (3d ed. 2004). It is well settled that a commissioner's "decision denying an application for disability benefits . . . on grounds of *res judicata*, with or without a hearing, is not properly reviewable under [42 U.S.C. § 405(g)]," Negrón v. Sec'y of Health, Educ. & Welfare, 382 F. Supp. 913, 914 (D.P.R. 1974),[1] "absent a colorable constitutional claim." Torres v. Sec'y of Health & Human Servs., 845 F.2d 1136, 1138 (1st Cir. 1988). Therefore, when a defendant moves to dismiss on the ground that the court lacks

---

[1] Section 405(g) provides, in relevant part:

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g)

CIVIL 09-1678 (DRD) (JA)                4

subject matter jurisdiction the plaintiffs has the burden of demonstrating that the court does have jurisdiction. Lundquist v. Precision Valley Aviation, Inc., 946 F.2d 8, 10 (1st Cir. 1991); Lord v. Casco Bay Weekly, Inc., 789 F. Supp. 32, 33 (D. Me. 1992).

The court in this case lacks jurisdiction to review the ALJ's decision.  First, Mrs. Figueroa's did not seek an appeal after her first application for benefits was denied.  As a result, the decision became final.  Matos v. Sec'y of Health, Educ., & Welfare, 581 F.2d 282, 284 n.3 (1st Cir. 1978).  Second, it is uncontested that the subsequent application for benefits was denied because it involved the same facts and covered the same period of time as the prior application already denied. Caballero v. Sec'y of Health, Educ. & Welfare, 440 F. Supp. 3, 4 (D.P.R. 1977). Therefore, Mrs. Figueroa's second application was more of a request to reopen the previously decided case.  However, since Mrs. Figueroa's subsequent request for benefits was denied it does not constitute a final decision within the meaning of 42 U.S.C. § 405.  Girard v. Chater, 918 F. Supp. 42, 44 (D.R.I. 1996). Third, Mrs. Figueroa makes no colorable constitutional claim in her complaint.  Califano v. Sanders, 430 U.S. 99, 109 (1977).  Fourth, Mrs. Figueroa failed to demonstrate that the court has jurisdiction.  Hence, I find that the ALJ's decision to dismiss Mrs. Figueroa's application for benefits on *res judicata* grounds is not judicially reviewable.

CIVIL 09-1678 (DRD) (JA)                5

### III. CONCLUSION

For the reasons set forth above, I recommend that the defendant's motion to dismiss for lack of subject matter jurisdiction be GRANTED.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 17th day of May, 2010.

                                S/ JUSTO ARENAS
                    Chief United States Magistrate Judge