UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MARIA DE LOS ANGELES MALDONADO-FIGUEROA,**<br><br>Plaintiff(s),<br><br>v.<br><br>**COMMISSIONER OF SOCIAL SECURITY, ET AL.,**<br><br>Defendant(s). | Civil No. 09-cv-01678 (DRD) |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pending before the Court is an unopposed *Motion to Dismiss*, filed by Defendant, the Commissioner of the Social Security ("Commissioner"), on December 1, 2009 (Docket No. 8). On April 19, 2010, the *Motion to Dismiss* was referred to Chief, U.S. Magistrate Judge Justo Arenas ("Magistrate Judge") (Docket No.11). The Magistrate Judge entered a *Report and Recommendation* (Docket No. 13), on May 17, 2010, wherein he recommended that the Defendant's *Motion to Dismiss* be GRANTED and that Judgement be entered dismissing the claim for lack of subject matter jurisdiction. As of this date, no objections have been filed to the *Report and Recommendation*. *Id.* For the reasons set forth below, the Court agrees with the findings and recommendations made by the Magistrate Judge, and adopts *in toto* the *Report and Recommendation. Id.*

**I. STANDARD OF REVIEW**

The District Court may refer dispositive motions to a United States Magistrate Judge for a

1

*Report and Recommendation*. 28 U.S.C. § 636(b)(1)(B); FED.R.CIV.P. 72(b); L. Civ. R. 72(b). *See* Matthews v. Weber, 423 U.S. 261 (1976). An adversely affected party may contest the Magistrate's *Report and Recommendation* by filing its objections within fourteen (14) days after being served a copy thereof. FED.R.CIV.P. 72(b); L. Civ. R. 72(d). Moreover, 28 U.S.C. §636(b)(1), in pertinent part, provides that:

> Within ten days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of the court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations make by the magistrate.

Where no objection is made, a district court has the right to assume that the affected party agrees to the magistrate's recommendation. Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985), cert. denied, 474 U.S. 102 (1985). The failure to raise an objection to the *Report and Recommendation* "waives [the] party's right to review in the district court and those claims not preserved by such objections are precluded upon appeal." Davet v. Maccarone, 973 F.3d 22, 30-31 (1st Cir. 1992) (internal citations omitted); *see e.g.* Sands v. Ridefilm Corp., 212 F.3d 657, 663 (1st Cir. 2000); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Lewry v. Town of Standish, 984 F.2d 25, 27 (1st Cir. 1993). Where a *Report and Recommendation* is not opposed, the Court need only satisfy itself that there is no "plain error" on the face of the record in order to accept the *Report and Recommendation*. *See e.g.* Douglas v. United Servs. Auto. Assn., 79 F.3d 1415, 1419 (5th Cir. 1996) (*en banc*) (extending the deferential "plain error" standard of review to the unobjected legal conclusions of a magistrate judge); Lopez Mulero v. Velez Colon,

490 F.Supp.2d 214, 217 (D.P.R. 2007); and, Nogueras-Cartagena v. United States, 172 F.Supp.2d 296, 305 (D.P.R. 2001) ("Court reviews [unopposed] Magistrate's *Report and Recommendation* to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding Fed.R.Civ.P. 72(b)).

In the case at bar, the Plaintiff failed to file any objection to the Magistrate Judge's *Report and Recommendation* (Docket No. 13). Because the *Report and Recommendation* stands unopposed, the Court must only determine that there is no "**plain error**" in the Magistrate Judge's conclusions in order to adopt the same.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On August 28, 2000, Mrs. Figueroa filed a claim for disability and disability insurance benefits on the Social Security office (Docket No. 10-2, at3). An administrative law judge ("ALJ") denied the requested benefits on May 24, 2006. *See Report and Recommendation.* (Docket No. 13, at 1, ¶ 2.) Figueroa failed to seek an appeal before the Appeals Council after the application for benefits was denied and, as a result, the decision became final. *Id.* at 4, ¶ 2. On August 15, 2006, Figueroa filed a second application for disability benefits which was also denied on October 7, 2006, but this time, on the grounds of *res judicata. Id.* at 2, ¶ 1. The ALJ found that it involved the same facts and dates as the first application, already decided. Mrs. Figueroa proceeded to request a hearing before an ALJ, and the hearing was denied on January 30, 2009. *Id.* The ALJ dismissed the second application based on *res judicata*. *Id.* Mrs. Figueroa sought a review to the Appeals Council from the ALJ's decision. On May 13, 2009, the Appeals Council confirmed the ALJ's decision and denied the requested review. *Id.*

On July 16, 2009, the instant complaint followed requesting review on the Appeals Council decision (Docket No.2 ). The Commissioner filed a *Motion to Dismiss* on December 1, 2009 (Docket

No. 8), for lack of subject matter jurisdiction because the claim did not fall within the definition under 42 U.S.C. § 405(g)[1]. *Id.*

### III. ANALYSIS

The matter pending is whether the Court has subject matter jurisdiction over a claim of an application denied by an Administrative Law Judge ("ALJ") of the Social Security as being barred by *res judicata* and confirmed by the Appeals Council. The Court agrees with the legal analysis made by the Magistrate Judge, hence, we adopt and incorporate the analysis herein. *See* Docket No.13, pages 3-4.

An individual may bring a claim under Title II of the Social Security Act *only* if the decision denying the benefits is final after celebrating a hearing, under section 42 U.S.C. § 405(g). Furthermore, it constitutes long standing law, as the Magistrate Judge pointed out that:

> ...a commissioner's "decision denying an application for disability benefits...on grounds of *res judicata*, with or without a hearing, is not properly reviewable under 42 U.S.C. § 405(g), Negrón v. Sec'y of Health, Educ. & Welfare, 382 F. Supp. 913, 914 (D.P.R. 1974), "absent a colorable constitutional claim." Torres v. Sec'y of Health & Human Servs., 845 F.2d 1136, 1138 (1st Cir. 1988)."

After a thorough analysis, the Magistrate Judge found that "...the ALJ's decision to dismiss Mrs. Figueroa's application for benefits on *res judicata* grounds is not judicially reviewable" because of the following factual basis:

> First, Mrs. Figueroa's did not seek an appeal after her first application for benefits was denied. As a result, the decision became final. Matos v. Sec'y of Health, Educ., & Welfare, 581 F.2d 282, 284 n.3 (1st Cir. 1978). Second, it is uncontested that the subsequent application for

---

[1] Section 405(g) provides, in relevant part: Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. (Docket No. 8, at 3)

>   benefits was denied because it involved the same facts and covered the same period of time as the prior application already denied. Caballero v. Sec'y of Health, Educ. & Welfare, 440 F. Supp. 3, 4 (D.P.R. 1977). Therefore, Mrs. Figueroa's second application was more of a request to reopen the previously decided case. However, since Mrs. Figueroa's subsequent request for benefits was denied it does not constitute a final decision within the meaning of 42 U.S.C. § 405. Girard v. Chater, 918 F. Supp. 42, 44 (D.R.I. 1996). Third, Mrs. Figueroa makes no colorable constitutional claim in her complaint. Califano v. Sanders, 430 U.S. 99, 109 (1977). Fourth, Mrs. Figueroa failed to demonstrate that the court has jurisdiction.

The Court agrees with the Magistrate Judge's recommendation of GRANTING the defendant's motion to dismiss for lack of subject matter jurisdiction.[2]

### III. CONCLUSION

For the reasons stated above and the fact that the *Report and Recommendation* stands unobjected, the Court finds that there is no **"plain error"** and adopts *in toto* the Magistrate Judge's *Report and Recommendation* (Docket No. 13). The *Motion to Dismiss* (Docket No. 8) is hereby GRANTED. Judgment will be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 31st day of August, 2010.

                                        **S/DANIEL R. DOMINGUEZ**
                                        Daniel R. Domínguez
                                        U.S. District Judge

---

[2] The Court will not go further, as it refuses to write at length where it is neither necessary nor appropriate. "Where, as here, a [Magistrate] has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquence simply to hear its own words resonate." In re San Juan Dupont Plaza Hotel Fire Litig., 989 F.2d 36, 38 (1st Cir. 1993).